LLOYD G. TEEKELL, Judge Pro Tern.,
concurring in part and dissenting in part.
I concur in the majority opinion upholding the trial court’s finding that more than a year had elapsed and that plaintiff’s time had run out, if the one year prescriptive period is applicable. Although I am surprised that plaintiff’s then attorney did not make more specific and declaratory notification of impending prescriptive limitations, and with greater celerity.
I believe that the ten year prescriptive period applicable to contracts should govern in a client-attorney relationship, particularly with respect to filing suit.
When a person engages an attorney, with or without a written contract of employment (in this case there was one), there is no way that a plaintiff would have the legal acuman to nail down a specific clause relating to the filing of a suit within a specified or prescribed time, or under what conditions. If there is anything that a lawyer engages to do (particularly in a tort or workmen’s compensation case) it is to file suit.
Many lawyers proudly display in their office the familiar statue of a professional looking legal scholar whose sage advise, summed up in a bold and embossed inscription across the base, is: SUE THE BASTARDS.
In support of its position defendants point out the case of Sizeler v. Employers’ Liability Assurance Corporation, La. App., 102 So2d 326, 328, Writ of Certiorari denied, in which the able judge of the Court of Appeal stated:
“There are, in certain relationships, duties imposed by law, and a failure to perform these obligations is considered as a tort though the relationships themselves may be created by contract encompassing the same subject. The case of the common carrier furnishes us with a classic illustration. The law requires it to carry with impartiality and safety those who offer themselves as passengers. If it fails to do so, it is chargeable with a tort, which action is prescribed one year after the occurrence of the accident. Generally when merchandise is delivered to it for carriage, there is also a contract expressed or by operation of law that it will carry with impartiality and safety, and if it fails in this duty, there is a breach of contract which is prescribed ten years after the occurrence.”
Actually, the legal theory implicit in this reasoning supports the position of the plaintiff, that is, when merchandise is delivered to the common carrier for carriage (something it is expected to do), there is a contract expressed or implied by operation of law, that it will carry out its duty, and if it fails this duty, there is a breach of contract which prescribed in ten years. On the other hand, if there is an accident (something unexpected), and someone is in *254 jured, the cause of action would be in the nature of a tort, and would prescribe in one year after the occurrence.
If plaintiffs attorney had run over him with an automobile, or assaulted the plaintiff in his office, or caused the plaintiff some harm by doing something not expected of him, or as a result of an accident, then the one year prescriptive period would govern. On the other hand, when the attorney fails to do something that is fundamental and implicit in the employment of the attorney (and I can think of nothing more fundamental and implicit than filing suit to pursue plaintiff’s recovery in a workmen’s compensation case), then the ten year prescriptive period would have to apply.
Notice that in this case the original attorney came through in the time honored tradition of “going after them” by filing two suits on behalf of the plaintiff. Even if the attorney’s proclivity for filing unfounding law suits (one thrown out for filing prematurely, and the other for filing a superfluous suit while the other suit for the same purpose was pending) may have come back to haunt him in this case, still, even those actions can perhaps be justified as being in response to the implied obligation in every client-attorney relationship to file suit if necessary to protect the client's interest, and only the attorney can determine and control this. Failure to do so is a breach of contract (implied or otherwise), and should be governed by the 10 year prescriptive period.